Patricia J. BASHAW, Plaintiff,

v.

UNITED STATES DEPARTMENT OF the TREASURY, W. Michael Blumenthal, United States Civil Service Commission, and Alan K. Campbell, Defendants.

Patricia J. BASHAW, Plaintiff,

v.

UNITED STATES DEPARTMENT OF the TREASURY and W. Michael Blumenthal, Defendants.

Nos. 77–C–662, 78–C–145.

United States District Court, E. D. Wisconsin.

April 11, 1979.

Patricia J. Bashaw, pro se.

Joan F. Kessler, U. S. Atty., by Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

These actions are before me on cross motions for summary judgment.

The plaintiff in these cases, Patricia Bashaw, is an attorney employed at the Milwaukee district office of the Internal Revenue Service (IRS). On January 28, 1976, the plaintiff requested permission from officials in her office to pursue a hobby for profit. Specifically, Ms. Bashaw desired to sell her aerial photographs to the general public.

On February 26, 1976, the plaintiff's request was disapproved by William Sleavin, the assistant director of the Milwaukee district office. On April 5, 1976, Ms. Bashaw filed a formal grievance to contest the disapproval of her request.

On May 3, 1976, the plaintiff filed a formal complaint with the IRS' equal employment opportunity office, alleging that the disapproval of her request was the result of

sex discrimination since similar requests from male employees had been approved.

On June 17, 1976, a grievance examiner filed his report regarding the plaintiff's grievance filed on April 5, 1976. The examiner's recommendation was that Ms. Bashaw's request should be approved since, in his judgment, IRS regulations did not bar the outside activity which she had proposed. Despite this recommendation, on July 2, 1976, L. M. Phillips, the Milwaukee district director formally denied the plaintiff's request.

On December 6, 1976, the plaintiff filed a second complaint with the IRS' equal employment opportunity office. In this complaint, she alleged that Mr. Phillips' decision of July 2, 1976, was a reprisal for her having filed her sex discrimination complaint. On January 17, 1977, David Sawyer, the director of the IRS' office of equal employment opportunity, rejected the plaintiff's complaint of reprisal.

On April 21, 1977, Ms. Bashaw filed a Privacy Act request in which she sought amendment of six alleged errors in Mr. Sawyer's decision of January 17, 1977. This request was denied by Mr. Sawyer on April 25, 1977. On August 25, 1977, the United States Civil Service Commission appeals review board, with one of three members dissenting, affirmed Mr. Sawyer's decision to reject the plaintiff's reprisal complaint.

On September 21, 1977, a hearing was held on Ms. Bashaw's original complaint of sex discrimination. On December 13, 1977, the complaint examiner recommended a finding of no discrimination. On January 28, 1977, the acting director of the equal employment opportunity program informed the plaintiff that the complaint examiner's recommendation was being adopted as the agency's final decision.

In the case at bar, the plaintiff has alleged three causes of action. The first is brought under the Privacy Act, 5 U.S.C. § 552a(g)(1), requesting that changes be made in Mr. Sawyer's decision of January 17, 1977. The other two causes of action are brought pursuant to the Civil Rights Act of 1964, 42 U.S.C. 2000e–16, and allege that decisions by officials in the IRS Milwaukee district office regarding her outside activity request were the result of sex discrimination and reprisal for having filed a claim of sex discrimination. The parties have filed cross motions for summary judgment as to each of these three causes of action.

## I. CLAIMS UNDER THE PRIVACY ACT

The gravamen of Ms. Bashaw's complaints in these cases is that the continuing refusal of officials in the IRS Milwaukee district office to grant her "hobby for profit" request was a result of sex discrimination and also was a reprisal for her having filed a claim of sex discrimination. The plaintiff exhausted her administrative remedies as to both these claims before bringing them to this court. During the course of administrative review of Ms. Bashaw's reprisal complaint, the director of the IRS' equal employment opportunity office issued an opinion rejecting that complaint, finding it duplicative of her sex discrimination complaint. It is this opinion which the plaintiff now seeks to amend under the Privacy Act, 5 U.S.C. § 552a(g)(1)(A), (C) and (D).

▮ In my judgment, the appropriate remedy for Ms. Bashaw's complaints in these cases is provided by that portion of the Civil Rights Act of 1964 which deals with discrimination in federal government employment. 42 U.S.C. § 2000e–16. Under this provision, the plaintiff can get full de novo judicial review of her discrimination and reprisal complaints.

Moreover, the implementing regulations for the Privacy Act which were issued by the Office of Management and Budget, as authorized by section 6 of the Act, state that the provisions of the Privacy Act upon which the plaintiff relies were not "intended to permit an individual collaterally to attack information in records pertaining to him which has already been the subject of or for which adequate judicial review is available." Privacy Act Implementation: Guidelines and Responsibilities, 40 Fed.Reg.

28,969 (July 9, 1975). "Agency regulations promulgated pursuant to a specific congressional authority are presumptively valid and are entitled to great deference." *Local 2047 v. Defense General Supply Center*, 423 F.Supp. 481, 485 (E.D.Va.1976). *See also, Griggs v. Duke Power Co.*, 401 U.S. 424, 433–34, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971); *Smiertka v. United States Dept. of Treasury*, 447 F.Supp. 221, 228–29 (D.D.C.1978).

Accordingly, the Privacy Act is neither a necessary nor an appropriate vehicle for resolving the merits of the plaintiff's claims. Therefore, as to the plaintiff's cause of action under the Privacy Act, the defendants' motion for summary judgment will be granted, and the plaintiff's motion for summary judgment will be denied.

## II. CLAIMS UNDER THE CIVIL RIGHTS ACT

The parties have filed cross motions for summary judgment as to the plaintiff's two causes of action brought under 42 U.S.C. § 2000e–16. For the reasons which follow, the motions of both sides will be denied.

In *Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), the Court held that federal employees proceeding in federal court under 42 U.S.C. § 2000e–16 have a right to a trial de novo of their claims of discrimination. Thus, under *Chandler*, this court is required to do more than merely review the previous administrative determinations of the plaintiff's claims.

*Chandler* does not necessarily preclude the use of summary judgment to dispose of claims brought under § 2000e–16. *Mahroom v. Hook*, 563 F.2d 1369, 1376 (9th Cir. 1977). Nor does that case preclude this court from basing its resolution of this case on the administrative record if the parties were to stipulate that they have no evidence to add to that record. Nonetheless, on the current state of the record in this case, I am not persuaded that summary judgment as to Ms. Bashaw's sex discrimination and reprisal claims would be appropriate.

Under Rule 56, Federal Rules of Civil Procedure, summary judgment is only proper where there are no material facts in dispute and the movant is entitled to judgment as a matter of law. Specifically with regard to claims brought under 42 U.S.C. § 2000e–16, the court of appeals for this circuit has stated "[i]f the existence of any genuine issue of fact as to any employment discrimination then remains, the case must proceed to trial." *Caro v. Schultz*, 521 F.2d 1084, 1089 (7th Cir. 1975). In *Staren v. American National Bank and Trust Co.*, 529 F.2d 1257, 1261–62 (7th Cir. 1976), the court also noted with regard to summary judgment:

> "In summary judgment procedure the trial court should not weigh the evidence of the plaintiffs against that of the defendants. That is the function of the fact finder *at trial.*

> .     .     .     .     .

> "Cases in which the underlying issue is one of motivation, intent, or some other subjective fact are particularly inappropriate for summary judgment  .   .   . ."

In this case, the plaintiff alleges that decisions made with regard to her request to sell aerial photographs to the general public were based on her sex and on the fact that she filed a sex discrimination complaint. The IRS officials who made those decisions allege that they were made on the basis of their interpretation of IRS regulations and their belief that the activity proposed by Ms. Bashaw could lead to an actual or apparent conflict of interest.

While many of the facts underlying each of the party's claims are undisputed, the ultimate factual question of the motivation for the decisions is clearly in dispute and should be resolved at trial.

Therefore, IT IS ORDERED that the plaintiff's motion for summary judgment be and hereby is denied.

IT IS ALSO ORDERED that the defendants' motion for summary judgment be and hereby is granted as to the first cause of action in case number 77–C–662 and is denied as to the other two causes of action in these cases.