**June HENDERSON and Michael Johnson, Plaintiffs,**

v.

**SOCIAL SECURITY ADMINISTRATION, Defendant.**

Civ. A. No. 88–2161–O.

United States District Court, D. Kansas.

July 17, 1989.

Frederick J. Patton, II, Patton & Patton, Topeka, Kan., for plaintiffs.

Leon J. Patton, Asst. U.S. Atty., Kansas City, Kan., for defendant.

### MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

The plaintiffs June Henderson and Michael Johnson brought an action against the defendant Social Security Administration (SSA) alleging violations of the Privacy Act of 1974, 5 U.S.C. § 552a(g). The SSA moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that this court lacks subject matter jurisdiction and that the doctrine of res judicata precludes the plaintiffs' action. For the reasons discussed below, we grant the SSA's motion.

The facts are not disputed: The plaintiffs are former SSA employees who applied for and were denied reinstatement. A union representing government employees filed a grievance on behalf of the plaintiffs, among others, challenging the decision denying reinstatement. The SSA decided the

grievance against the union, which invoked arbitration.

A three-day arbitration hearing was held. Following the hearing, the union submitted a post-hearing brief, asserting that (1) the SSA violated a collective bargaining agreement's provisions regarding factors to be considered in the reinstatement determination, and (2) the SSA's violated the Privacy Act in its (the SSA's) treatment of certain records involved in the reinstatement determination. The union had not previously asserted the Privacy Act argument, in which the union contended that the SSA violated subsection (b) of the Act (the prohibition on disclosure of records), the SSA violated subsection (e)(5) of the Act (the requirement of maintaining accurate records for use in the determinations), and the SSA established records or a system of records concerning the grievants in violation of the Act. The arbitrator denied the grievance; he found the alleged Privacy Act violations to be "outside the scope of the issues submitted," and he thus made no findings on those claims.

The union filed exceptions with the Federal Labor Relations Authority (FLRA), asserting that the arbitrator wrongly failed to address the Privacy Act claims. The FLRA denied the exceptions without explanation, and the union requested and was denied reconsideration.

The union then wrote to the arbitrator, seeking clarification of his decision as to the Privacy Act claims. The arbitrator responded, stating that based on the contract, he retained jurisdiction to issue a clarification. He further stated that the records gathered in connection with the grievants' reinstatement applications were "the usual and customary records gathered for a necessary and lawful purpose," there was no unlawful disclosure, and there were no Privacy Act violations. The union again wrote the arbitrator, asserting that the Privacy Act claims were within the scope of the issues addressed at arbitration and seeking further explanation of the holding on the Privacy Act claims. The arbitrator responded by reaffirming his initial holding

that the Privacy Act claims were outside the scope of the issues at arbitration.

The plaintiffs brought this action under subsections (g)(1)(C) and (D) of the Privacy Act. Subsection (g)(1)(C) provides a cause of action where an agency fails to accurately maintain records covered by the Act, and as a result, "a determination is made which is adverse to the individual...." Subsection (g)(1)(D) provides a cause of action where an agency violates some other provision of the Act "in such a way as to have an adverse effect on an individual."

Initially, we address the SSA's assertion that the court lacks subject matter jurisdiction over the plaintiffs' claims. At the heart of this issue is the relationship between the Privacy Act and the Civil Service Reform Act (CSRA), Pub.L. No. 95–454, 92 Stat. 1111 (codified as amended in various sections of Title 5, U.S.Code). The CSRA " 'comprehensively overhauled the civil service system' ... creating an elaborate 'new framework for evaluating adverse personnel actions against [federal employees].' " *United States v. Fausto*, 484 U.S. 439, ——, 108 S.Ct. 668, 671, 98 L.Ed.2d 830, 837 (1988). The CSRA provides an exclusive scheme for review; judicial review is unavailable unless such review is established by the terms of the CSRA. *See id.* 484 U.S. at ——, 108 S.Ct. at 673–74, 98 L.Ed.2d at 840–41. Moreover, as the plaintiffs' tacitly concede by pleading jurisdiction under the Privacy Act and by failing to address the issue in their memorandum before the court, the CSRA does not provide for judicial review of the SSA's determination on reinstatement.

We have found only one other case which involved a federal employment determination and which addressed the issue of jurisdiction under the Privacy Act in light of the broad provisions of the CSRA. In *Holly v. Department of Health & Human Resources*, No. 87–3205, slip op. (D.D.C., *unpublished*, Aug. 22, 1988) (1988 WL 90089), the court stated:

The current Privacy Act litigation, in which plaintiff seeks damages for what he views as deliberate and unfair inaccuracies in documents pertaining to his [de-

motion], clearly is a challenge to a federal employment determination and therefore implicates the CSRA. The Court finds, moreover, that the CSRA precludes judicial review and is exclusive because, in pertinent part, it states that binding arbitration and associated actions are "the exclusive procedure[ ] for resolving grievances" under collective bargaining agreements. 5 U.S.C. § 7121(a)(1). The silence of this provision regarding judicial review indicates, under the reasoning in *Fausto,* that plaintiff is precluded from filing an independent action in the courts.

*Id.* at 6. We agree with the *Holly* court's reasoning, and we find the result applicable in the instant action. In essence, the plaintiffs are seeking review of the SSA's reinstatement determination, which is an employment decision that falls under the CSRA. Because of the preclusive effect of the CSRA's remedial scheme, this court is without subject matter jurisdiction under the Privacy Act. Given our holding on this issue, we do not reach the SSA's argument that dismissal is warranted because of the doctrine of res judicata.

IT IS THEREFORE ORDERED that the defendant SSA's motion to dismiss is granted.