June **HENDERSON** and Michael Johnson, Plaintiffs–Appellants,

v.

**SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 89–3228.

United States Court of Appeals, Tenth Circuit.

June 1, 1990.

Ordered Published July 3, 1990.

---

Daniel F. Minahan, Jr., of Minahan & Shapiro, P.C., Lakewood, Colo., for plaintiffs-appellants.

Matthew M. Collette (Stuart M. Gerson, Asst. Atty. Gen., Benjamin L. Burgess, Jr., U.S. Atty., and William Kanter, Attorney, Dept. of Justice, with him on the brief), Attorney, Dept. of Justice, for defendant-appellee.

Before TACHA and SETH, Circuit Judges, and KANE,* District Judge.

TACHA, Circuit Judge.

This appeal is from an order of the district court granting defendant Social Security Administration's motion to dismiss an action brought by plaintiffs under the Privacy Act of 1974, Pub.L. No. 93–579, 88 Stat. 1896 (codified as amended at 5 U.S.C. § 552a). 716 F.Supp. 15. The plaintiffs are former employees of the Social Security Administration (SSA). Plaintiffs appeal alleging that the district court erred in holding that the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111 (codified as amended in scattered sections of title 5, United States Code), is an exclusive remedial scheme that deprives the district court of subject matter jurisdiction in this action. We affirm.

Both plaintiffs had earlier resigned from the Social Security Administration for "a variety of reasons." Both later sought reinstatement, which was denied. They complained to their union, which filed grievances with the SSA. The grievances were denied and the union demanded arbitration. The arbitrator heard the grievances and rendered a decision upholding the SSA's decision not to reinstate. The arbitrator declined to address the plaintiffs' Privacy Act claims because they were not included in the submission. An appeal to the Federal Labor Relations Authority was denied without opinion. The union then sought clarification on the Privacy Act claims from the arbitrator. The arbitrator responded that there was no violation of the Privacy Act. A subsequent request for further clarification was refused, with the arbitrator stating he stood by his first opinion.

Plaintiffs then filed this suit in federal district court alleging that the SSA had maintained a "black list" in violation of the Privacy Act. In their complaint, plaintiffs pointed to certain documents and asserted that they contained erroneous judgments by SSA officials. The district court found that the plaintiffs' allegations of errors in their records essentially sought review of the Social Security Administration's reinstatement determination and therefore review of an employment decision. The court held that review of employment decisions falls within the exclusive provisions of the Civil Service Reform Act and that the Privacy Act does not reach errors in judgment that occur during the course of an employment determination. *Cf. Blevins v. Plummer*, 613 F.2d 767, 768 (9th Cir.1980) (per curiam). We agree with the district court that the Privacy Act does not vest the

---

* The Honorable John L. Kane, Jr., District Judge, United States District Court for the District of Colorado, sitting by designation.

court with jurisdiction to review personnel decisions where the Civil Service Reform Act precludes such review.

We AFFIRM for substantially the reasons given by the district court.