**Seymour A. KLEIMAN, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF ENERGY, et al., Defendants.**

**Civ. A. No. 90–0251.**

United States District Court, District of Columbia.

Aug. 6, 1990.

Marina Utgoff Braswell, Asst. U.S. Atty., Washington, D.C., for defendants.

Larry P. Ellswarth, Dow, Lohnes & Albertson, Washington, D.C., for plaintiff.

ORDER OF DISMISSAL

REVERCOMB, District Judge.

Plaintiff Seymour Kleiman, a former employee at the Department of Energy [DOE], commenced this action pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a, seeking an order from this Court requiring the DOE to expunge, amend or correct certain portions of plaintiff's personnel file which are allegedly inaccurate. At bar is defendants DOE and United States Office of Personnel Management's [OPM] motion to dismiss on the ground that the Court lacks subject matter jurisdiction. Having considered defendants' motion and plaintiff's opposition thereto, and having heard oral argument on July 2, 1990, it is ORDERED that defendants' motion to dismiss is GRANTED.

Plaintiff alleges that prior to September 30, 1982, he was employed as a GS–14 Program Analyst with the Special Investigations and Crude Reseller division of the Economic Regulatory Administration of the Department of Energy. This position was eliminated and plaintiff was reassigned to a GS–11 paralegal specialist position in the Office of Special Counsel, Litigation Support Division, of the Economic Regulatory Administration. In December 1982, plaintiff was reassigned to another GS–11 paralegal specialist position with the Special Investigations and Crude Reseller division. According to the allegations, in October 1983, plaintiff was assigned to oversee enforcement of the Tertiary Incentive Crude Oil Program.

Plaintiff does not challenge any of his reassignments, but instead, contends that the job descriptions listed in his personnel file do not accurately reflect his actual job duties between September 30, 1982 and January 26, 1990. These inaccuracies have allegedly hindered plaintiff's efforts to obtain other government employment commensurate with his actual level of work experience.

After seeking relief from the agency under the Privacy Act,[1] plaintiff filed the current action to obtain injunctive relief, correcting his personnel records. He asserts that this Court has jurisdiction because, under the terms of the Privacy Act, the defendant agency has "fail[ed] to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness ..." 5 U.S.C. § 552a(g)(1)(C). Defendants have moved to dismiss for lack of subject matter jurisdiction because federal employment determinations can be challenged only under the comprehensive scheme of administrative and judicial review set forth in the Civil Service Reform Act [CSRA], Pub.L. 95–454, 92 Stat. 1111.

The CSRA comprehensively overhauled the civil service system ... creating an elaborate 'new framework for evaluating adverse personnel actions against [federal employees].' It prescribes in great detail the protections and remedies applicable to such action, including the availability of administrative and judicial review." [2] *U.S. v. Fausto,* 484 U.S. 439, 443, 108 S.Ct. 668, 671, 98 L.Ed.2d 830 (1988) (citations omitted). The CSRA remedial scheme is the

1. By letter dated June 20, 1989, plaintiff notified the DOE's Chief of the Freedom of Information and Privacy Act section that he wished to have his personnel file amended pursuant to the Privacy Act. DOE denied plaintiff's request because the forms listed in his personnel file accurately reflected his "official assignment" in the DOE's Economic Regulatory Administration and informed plaintiff that the issue of whether his actual duties were those stated in his position description "is properly resolved through a classification appeal or the grievance process and is not within the scope of the Privacy Act." The OPM affirmed the DOE decision.

2. The types of personnel actions covered by the Act and the review available can be divided into three categories: (1) for major personnel actions specified in the statute ("adverse actions"), direct judicial review after extensive prior administrative proceedings; (2) for specified minor personnel actions infected by particularly heinous motivations or disregard of law ("prohibited personnel practices"), review by the Office of Special Counsel [OSC], with judicial scrutiny "limited, at most, to insuring compliance with the statutory requirement that the OSC perform an adequate inquiry;" (3) for the specified minor personnel actions not so infected, and for all other minor personnel actions, review by neither OSC nor the courts. *Carducci v. Regan,* 714 F.2d 171, 175 (D.C.Cir.1983) (citations omitted).

"comprehensive system for reviewing personnel action taken against federal employees." *Id.* at 455, 108 S.Ct. at 677.

■ The Privacy Act permits an individual to correct an agency's inaccurate or incomplete record. The Act, however, can not be construed so as to undermine the CSRA. "The Privacy Act was not intended to shield [federal] employees from the vicissitudes of federal personnel management decisions." *Albright v. United States*, 732 F.2d 181, 190 (D.C.Cir.1984). It is neither a vehicle for securing judicial review of federal personnel decisions, nor is it a springboard for launching a collateral attack on these decisions. When an individual challenges an agency's personnel actions, the challenge falls under the CSRA, not the Privacy Act. See *Towers v. Horner*, 791 F.2d 1244 (5th Cir.1986) (civilian attorney employed by the Army Corps of Engineers sought judicial review of the government's decision not to reclassify his position of employment); *Barnhart v. Devine*, 771 F.2d 1515 (D.C.Cir.1985) (action challenging classification of National Weather Service employees); *Holly v. Department of Health and Human Resources*, Civil No. 87–3205, 1988 WL 90089 (D.D.C. Aug. 22, 1988), *affirmed*, 895 F.2d 809 (D.C.Cir. 1990) (plaintiff may not attempt to obtain judicial review of a Reduction in Force personnel action under the guise of a Privacy Action); *R.R. v. Department of the Army*, 482 F.Supp. 770, 775 (D.D.C.1980) (Privacy Act damage remedy not available to circumvent Congress' intent to make Veterans Administration benefits determination unreviewable); *Bradshaw v. United States*

*Department of the Treasury*, 468 F.Supp. 1195, 1197 (E.D.Wisc.1979) (Privacy Act may not be used as vehicle to resolve the merits of employee's discrimination claim).[3]

■ The gravamen of the instant case is the nature of plaintiff's responsibilities and duties while employed at DOE. These are personnel matters and as such fall within the CSRA. Plaintiff can not avoid the CSRA simply by characterizing his action as an attempt to "correct" records. It is clear from the briefs and from oral argument that plaintiff challenges the nature and substance of the employment relationship itself. To allow plaintiff to proceed under the Privacy Act would undermine the basic principles of the CSRA. "[T]he exhaustive scheme of the CSRA would be impermissibly frustrated by permitting, for lesser personnel actions not involving constitutional claims, an access to the courts more immediate and direct than the statute provides with regard to major adverse actions." *Carducci v. Regan*, 714 F.2d 171, 174 (D.C.Cir.1983).

The Court lacking subject matter jurisdiction, the complaint is DISMISSED in its entirety.

---

**3.** The cases relied upon by plaintiff are consistent with this general rule. The records challenged in those cases did not describe or document the employment relationship itself and the lawsuits did not attack, directly or indirectly, an agency's personnel action; nor did the plaintiffs seek judicial review of the employment relationship itself. See *Doe v. United States*, 821 F.2d 694 (D.C.Cir.1987) (public employee, who had attempted to obtain security clearance, brought action against Department of State, whose records contained conflicting reports of job interview conducted with that agency which supported negative inferences concerning employee); *Hubbard v. U.S. E.P.A. Admin.*, 809 F.2d 1, 5 (D.C.Cir.1986), *vacated in*

part *and reh en banc granted in part on other grounds*, 809 F.2d 16 (D.C.Cir.1986) (plaintiff improperly "strain[ed] to fit his case within the boundaries of the Privacy Act. [H]is complaint really allege[d] only a wrongful personnel decision, not an invasion of privacy"); *Molerio v. FBI*, 749 F.2d 815 (D.C.Cir., 1984) (action for damages allegedly resulting from erroneous report that plaintiff's father was associated with the Socialist Workers Party); *R.R. v. Dept. of the Army*, 482 F.Supp. 770 (D.D.C.1980) (veteran's action to "correct" his medical records). Plaintiff's reliance on *Albright v. United States*, 732 F.2d 181 (D.C.Cir.1984), which involved the videotaping of an employee meeting and not "inaccurate" records, is misplaced.