June 28, 1993
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2195

 STEPHEN J. VESSELLA,

 Plaintiff, Appellant,

 v.

 DEPARTMENT OF THE AIR FORCE,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. A. David Mazzone, U.S. District Judge]
 

 

 Before

 Torruella, Cyr and Boudin,
 Circuit Judges.
 

 

 Stephen J. Vessella on brief pro se.
 
 A. John Pappalardo, United States Attorney, and Cheryl L.
 
Conner, Assistant U.S. Attorney, on brief for appellee
 

 

 

 Per Curiam. Plaintiff, a former employee of the
 

Department of the Air Force, appeals the district court's

grant of summary judgment dismissing his complaint brought

under the Privacy Act. The district court held that

plaintiff's complaint was barred because it was a

"transparent attempt" to collaterally attack the result of an

earlier proceeding brought under the Civil Service Reform Act

("CSRA"). Alternatively, the court held that plaintiff's

allegations failed to set forth claims cognizable under the

Privacy Act. 

 Since we agree with the district court's first

ground

for decision, we have no need to separately consider the

sufficiency of the claims under the Privacy Act. We

summarize below only the record facts necessary to our

opinion.

 The dispute here began with an investigation and

report by the Air Force Office of Special Investigations

("AFOSI") regarding certain allegedly improper claims made by

plaintiff for reimbursement of travel expenses. Based on the

contents of the AFOSI report, the Air Force issued to

plaintiff a "Notice of Proposed Removal." Plaintiff sought

help from his union. After a meeting with plaintiff and his

union representative, the Air Force Deciding Official instead

determined, on July 19, 1989, to suspend plaintiff for 14

 -3-

days and demote him one grade. Plaintiff filed grievances

from the agency's actions, and then voluntarily resigned his

position on October 27, 1989. 

 Approximately four months after he resigned, and

seven months after issuance of the decision to suspend and

demote him, plaintiff filed an appeal from the decision with

the Merit Systems Protection Board ("MSPB"). The

Administrative Judge ("AJ") initially issued an order to show

cause why the appeal should not be dismissed for lack of

jurisdiction since ordinarily an employee's choice to use a

negotiated grievance process ousts the MSPB of jurisdiction.

5 U.S.C. 4303, 7121(e), 7512. However, plaintiff

prevailed on the jurisdictional issue, producing documents

which showed that his grievances were filed before, not

after, the critical effective date of the demotion and

suspension decision. Nonetheless, the AJ concluded that

plaintiff's appeal should be dismissed because it had not

been filed within the 20 day regulatory filing period, and

plaintiff's evidence failed to demonstrate good cause for the

delay. Vessella v. Department of the Air Force, MSPB No.
 

BNO7529010127, Initial Dec. at 2, 3-5 (June 14, 1990). The

full Board affirmed the dismissal on October 10, 1990.

Vessella v. Department of the Air Force, 1990 MSPB LEXIS
 

1401. Plaintiff was notified of his right to appeal the

dismissal within 30 days to the Federal Circuit under 5

 -4-

U.S.C. 7703(b)(1). Instead of taking a direct appeal to

the Federal Circuit, on March 1, 1991 plaintiff brought this

suit alleging violations of the Privacy Act. The violations

plaintiff alleges here are the same as those he challenged as

impermissible adverse personnel practices before the MSPB.

Without attempting to characterize his claims precisely, they

include the agency's allegedly improper maintenance,

circulation, and action upon inaccurate documents involving

the AFOSI investigation; the alleged withholding of a

favorable document for a period of time; discussion of

plaintiff's case with other employees without his permission;

and requests that he disclose certain tax records.

Plaintiff's complaint sought from the district court remedies

normally within the purview of the MSPB, including

reinstatement to his former position, backpay, employment in

another office, and correction of inaccuracies, in addition

to compensation for unspecified injury to his reputation. 

 The Privacy Act permits an individual to seek

correction of an agency's inaccurate or incomplete records

and other relief in defined circumstances. It cannot be

used, however, to frustrate the exclusive, comprehensive

scheme provided by the CSRA for federal employee challenges

to adverse agency personnel decisions. See 5 U.S.C. 2301,
 

2302, 7512, 7513; Kleiman v. Department of Energy, 956 F.2d
 

335, 338 (D.C. Cir. 1992), aff'g 742 F. Supp. 697, 699
 

 -5-

(D.D.C. 1990); Hubbard v. U. S. EPA, Adm'r, 809 F.2d 1, 5
 

(D.C. Cir. 1986), aff'd in part on other grounds sub nom
 

Spagnola v. Mathis, 859 F.2d 223 (D.C. Cir. 1988) (en banc);
 

Henderson v. Social Security Admin., 908 F.2d 559 (10th Cir.
 

1990). 

 While plaintiff argues here that he was unfairly

deprived of a hearing under the CSRA by the dismissal of his

claims as untimely, he was afforded the opportunity to

challenge the dismissal through a direct appeal to the

Federal Circuit. 5 U.S.C. 7703(b)(1). By restyling his

action as a Privacy Act claim instead, he impermissibly

attempts to bypass the CSRA's regulatory scheme. As we have

observed in related contexts, "the history and intent of the

CSRA plainly prefigures that collateral district court

jurisdiction would impede the ideals of fast, efficient

management and greater uniformity in the judicial review

process." Roth v. United States, 952 F.2d 611, 615 (1st Cir.
 

1991) (quoting Berrios v. Department of the Army, 884 F.2d
 

28, 31-32 (1st Cir. 1989)) (holding that CSRA's exclusive

remedial scheme precludes district court suits by employees

alleging Bivens and state law tort claims).
 

 Plaintiff also challenges as error some ten

procedural rulings by the district court, including denial of

a request for appointed counsel and alleged misreadings of

the record. Appointment of counsel in civil cases is within

 -6-

the broad discretion of the district court. Desrosiers v.
 

Moran, 949 F.2d 15, 24 (1st Cir. 1991). We see no abuse
 

here. Having reviewed the record de novo, as we must on
 

summary judgment, we find that the district court thoroughly

and fairly characterized the facts. We see no merit in

plaintiff's remaining contentions. 

 Affirmed.
 

 -7-