USCA1 Opinion

 

 June 28, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-2195 STEPHEN J. VESSELLA, Plaintiff, Appellant, v. DEPARTMENT OF THE AIR FORCE, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge] ___________________ ___________________ Before Torruella, Cyr and Boudin, Circuit Judges. ______________ ___________________ Stephen J. Vessella on brief pro se. ___________________ A. John Pappalardo, United States Attorney, and Cheryl L. ___________________ _________ Conner, Assistant U.S. Attorney, on brief for appellee ______ __________________ __________________ Per Curiam. Plaintiff, a former employee of the __________ Department of the Air Force, appeals the district court's grant of summary judgment dismissing his complaint brought under the Privacy Act. The district court held that plaintiff's complaint was barred because it was a "transparent attempt" to collaterally attack the result of an earlier proceeding brought under the Civil Service Reform Act ("CSRA"). Alternatively, the court held that plaintiff's allegations failed to set forth claims cognizable under the Privacy Act. Since we agree with the district court's first ground for decision, we have no need to separately consider the sufficiency of the claims under the Privacy Act. We summarize below only the record facts necessary to our opinion. The dispute here began with an investigation and report by the Air Force Office of Special Investigations ("AFOSI") regarding certain allegedly improper claims made by plaintiff for reimbursement of travel expenses. Based on the contents of the AFOSI report, the Air Force issued to plaintiff a "Notice of Proposed Removal." Plaintiff sought help from his union. After a meeting with plaintiff and his union representative, the Air Force Deciding Official instead determined, on July 19, 1989, to suspend plaintiff for 14 -3- days and demote him one grade. Plaintiff filed grievances from the agency's actions, and then voluntarily resigned his position on October 27, 1989. Approximately four months after he resigned, and seven months after issuance of the decision to suspend and demote him, plaintiff filed an appeal from the decision with the Merit Systems Protection Board ("MSPB"). The Administrative Judge ("AJ") initially issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction since ordinarily an employee's choice to use a negotiated grievance process ousts the MSPB of jurisdiction. 5 U.S.C. 4303, 7121(e), 7512. However, plaintiff prevailed on the jurisdictional issue, producing documents which showed that his grievances were filed before, not after, the critical effective date of the demotion and suspension decision. Nonetheless, the AJ concluded that plaintiff's appeal should be dismissed because it had not been filed within the 20 day regulatory filing period, and plaintiff's evidence failed to demonstrate good cause for the delay. Vessella v. Department of the Air Force, MSPB No. ________ _____________________________ BNO7529010127, Initial Dec. at 2, 3-5 (June 14, 1990). The full Board affirmed the dismissal on October 10, 1990. Vessella v. Department of the Air Force, 1990 MSPB LEXIS ________ _____________________________ 1401. Plaintiff was notified of his right to appeal the dismissal within 30 days to the Federal Circuit under 5 -4- U.S.C. 7703(b)(1). Instead of taking a direct appeal to the Federal Circuit, on March 1, 1991 plaintiff brought this suit alleging violations of the Privacy Act. The violations plaintiff alleges here are the same as those he challenged as impermissible adverse personnel practices before the MSPB. Without attempting to characterize his claims precisely, they include the agency's allegedly improper maintenance, circulation, and action upon inaccurate documents involving the AFOSI investigation; the alleged withholding of a favorable document for a period of time; discussion of plaintiff's case with other employees without his permission; and requests that he disclose certain tax records. Plaintiff's complaint sought from the district court remedies normally within the purview of the MSPB, including reinstatement to his former position, backpay, employment in another office, and correction of inaccuracies, in addition to compensation for unspecified injury to his reputation. The Privacy Act permits an individual to seek correction of an agency's inaccurate or incomplete records and other relief in defined circumstances. It cannot be used, however, to frustrate the exclusive, comprehensive scheme provided by the CSRA for federal employee challenges to adverse agency personnel decisions. See 5 U.S.C. 2301, ___ 2302, 7512, 7513; Kleiman v. Department of Energy, 956 F.2d _______ _____________________ 335, 338 (D.C. Cir. 1992), aff'g 742 F. Supp. 697, 699 _____ -5- (D.D.C. 1990); Hubbard v. U. S. EPA, Adm'r, 809 F.2d 1, 5 _______ _________________ (D.C. Cir. 1986), aff'd in part on other grounds sub nom _________________________________________ Spagnola v. Mathis, 859 F.2d 223 (D.C. Cir. 1988) (en banc); ________ ______ Henderson v. Social Security Admin., 908 F.2d 559 (10th Cir. _________ ______________________ 1990). While plaintiff argues here that he was unfairly deprived of a hearing under the CSRA by the dismissal of his claims as untimely, he was afforded the opportunity to challenge the dismissal through a direct appeal to the Federal Circuit. 5 U.S.C. 7703(b)(1). By restyling his action as a Privacy Act claim instead, he impermissibly attempts to bypass the CSRA's regulatory scheme. As we have observed in related contexts, "the history and intent of the CSRA plainly prefigures that collateral district court jurisdiction would impede the ideals of fast, efficient management and greater uniformity in the judicial review process." Roth v. United States, 952 F.2d 611, 615 (1st Cir. ____ _____________ 1991) (quoting Berrios v. Department of the Army, 884 F.2d _______ _______________________ 28, 31-32 (1st Cir. 1989)) (holding that CSRA's exclusive remedial scheme precludes district court suits by employees alleging Bivens and state law tort claims). ______ Plaintiff also challenges as error some ten procedural rulings by the district court, including denial of a request for appointed counsel and alleged misreadings of the record. Appointment of counsel in civil cases is within -6- the broad discretion of the district court. Desrosiers v. __________ Moran, 949 F.2d 15, 24 (1st Cir. 1991). We see no abuse _____ here. Having reviewed the record de novo, as we must on __ ____ summary judgment, we find that the district court thoroughly and fairly characterized the facts. We see no merit in plaintiff's remaining contentions. Affirmed. ________ -7-