16 F.3d 414
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Robert W. WILLS, Plaintiff-Appellant,
v.
OFFICE OF PERSONNEL MANAGEMENT, Defendant-Appellee.
 No. 932079.
 United States Court of Appeals, Fourth Circuit.
 Jan. 4, 1994.
Jan. 28, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-93-383-A)
 Robert W. Wills, Appellant Pro Se.
 Russell Wells Craig, Office of the U.S. Atty., Alexandria, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 Robert W. Wills appeals the district court's grant of summary judgment for the Defendant. Wills filed suit against the United States Office of Personnel Management (OPM) on March 24, 1993; he claimed jurisdiction under the Privacy Act of 1974, 5 U.S.C. Sec. 552a(g)(1) (1988), and sought to have a statement removed from his personnel record (SF-50) maintained by OPM. Specifically, the statement read, "Employee gave no reason for retiring. Agency finding: Retired after receiving written notice on 090685 of decision to separate for unacceptable performance of critical element." Wills voluntarily retired from employment with the Navy on September 11, 1985, two days prior to the effective date of his forced removal for unacceptable performance from his position as a supervisory aerospace engineer. In addition to amendment of his SF-50, Wills sought punitive damages in the amount of $50,000.
 
 
 2
 Prior to instituting the present action, Wills brought a proceeding before the Merit Systems Protection Board (MSPB) under the Civil Service Reform Act (CSRA), and pursued all available administrative remedies under the CSRA to no avail. In the CSRA proceeding, Wills requested that his retirement be reclassified from"voluntary" to "involuntary," and that the offending statement in his SF-50 be changed. He then unsuccessfully appealed the adverse MSPB decision in the federal courts; certiorari was denied by the United States Supreme Court on January 8, 1990. Wills v. Department of Navy, 884 F.2d 1399 (Fed. Cir.1989), cert. denied, 493 U.S. 1023 (1990).
 
 
 3
 The district court determined that Wills's cause of action arose on March 2, 1987, the date Wills sent to the Navy his first letter of complaint concerning his SF-50, and that any action under the Privacy Act would have been time-barred after March 2, 1989. In addition, the district court held that the action was beyond the court's subject matter jurisdiction because Wills was attempting to challenge an adverse employment action, and the CSRA is the proper vehicle through which such challenges are to occur. From this decision, Wills timely appeals. We affirm the district court's grant of summary judgment for the Defendant.
 
 I.
 
 4
 Privacy Act claims must be brought within two years of accrual of the cause of action. 5 U.S.C. Sec. 552a(g)(5) (1988). A cause of action arises under the Privacy Act when "the person knows or has reason to know of the alleged violation." Rose v. United States, 905 F.2d 1257, 1259 (9th Cir.1990). Wills claims that he was not aware of a violation giving rise to a cause of action under the Privacy Act until "sometime during year 1989."
 
 
 5
 The district court correctly found that at the time Wills sent his first letter to the Navy requesting that the statement be removed from his SF-50, he should have known of the alleged violation. However, even under Wills's own argument, the statute of limitations would have run no later than December 31, 1991. By waiting until March 24, 1993, Wills untimely filed his Complaint.* Accordingly, the district court properly dismissed Wills's Complaint as untimely.
 
 II.
 
 6
 In the alternative, the district court properly dismissed Wills's action because Wills's challenge to the merits of the statement on his SF-50 was actually a complaint regarding an adverse employment decision, and jurisdiction was proper under the CSRA. Both the United States Supreme Court and this Court have held that the CSRA is the vehicle through which federal employees may challenge adverse employment actions. Lindahl v. Office of Personnel Management, 470 U.S. 768, 784-85 (1985); United States v. Fausto, 484 U.S. 439, 455 (1988); Yokum v. United States, 877 F.2d 276, 278-81 (4th Cir.1989). Wills had already availed himself of all remedies available under the CSRA concerning his SF-50, and had appealed the adverse decision through the federal court system. To the extent Wills is trying, through the Privacy Act, to relitigate the claim previously brought under the CSRA, such an attempt is improper. An employee may not collaterally attack an adverse employment decision under the guise of a Privacy Act suit. Houlihan v. Office of Personnel Management, 909 F.2d 383, 385 (9th Cir.1990); Kleiman v. United States Dep't of Energy, 742 F.Supp. 697, 699 (D.D.C.1990), aff'd, 956 F.2d 335 (1992). Wills cannot now relitigate as a records notation/Privacy Act problem the same issue addressed under the CSRA.
 
 
 7
 Accordingly, we affirm the district court's grant of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Wills further asserts on appeal that a district court order in the prior action bars the district court in this case from a finding that his Complaint is untimely. That order provides, in pertinent part:
 The motion of the defendants to dismiss because the plaintiff has not exhausted his administrative remedies under the Privacy Act is granted, and this action is dismissed without prejudice to the plaintiff's right to proceed to exhaust his administrative procedures under the Privacy Act, the government representing that the plaintiff's right to do so is not time barred.
 Because the statute of limitations ran on March 2, 1989, even Wills's first attempt at filing a complaint on August 17, 1990, based on the Privacy Act, was untimely. Even if the first suit had been timely, by the time Wills filed the instant suit on March 24, 1993, the statute of limitations had definitely run.