FILED
United States Court of Appeals
Tenth Circuit

February 5, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JIMMY ROBERTS,

      Plaintiff-Appellant,

v.

HENRY M. PAULSON, JR.,[*]
Secretary, United States Treasury;
BECKY MILES, Management
Official; ROBYN JACKSON,
Management Official, Internal
Revenue Service,

      Defendants-Appellees.

No. 07-4087
(D.C. No. 1:06-CV-75-DB)
(D. Utah)

---

**ORDER AND JUDGMENT**[**]

---

Before **BRISCOE**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

[*]    On July 10, 2006, Henry M. Paulson, Jr. became the Secretary for the United States Treasury.  In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Paulson is substituted for John W. Snow as an appellee in this action.

[**]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After his termination from his employment with the Internal Revenue Service (IRS), plaintiff appellant Jimmy Roberts sued in federal district court alleging various violations of federal law. In response to defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the district court dismissed the case "[f]or the reasons set forth in the Defendants' briefs," and denied Mr. Roberts's motion for a default judgment. R. Doc. 24 (District Court Order) at 1. Mr. Roberts appeals, and we affirm.[1]

Our jurisdiction arises under 28 U.S.C. § 1291. We review a dismissal under both Rule 12(b)(1) and Rule 12(b)(6) de novo. *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999) (reviewing Rule 12(b)(1) dismissal); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (reviewing Rule 12(b)(6) dismissal). Particularly with respect to Rule 12(b)(6), "[w]e must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. We look for plausibility in th[e] complaint." *Id.* (quotations and citations omitted).

---

[1] Defendants assert that Mr. Roberts did not appeal from the dismissal of his claims under the Privacy Act and the Federal Tort Claims Act (FTCA). Answer at 2. We find no support for this statement in the record. The district court's order dismissed all of Mr. Roberts's claims and denied all of his outstanding motions. Mr. Roberts filed a timely notice of appeal from the entirety of that order. There is no indication that he intended to forego appealing the dismissal of his Privacy Act and FTCA claims or that he has actually done so.

Prohibited Personnel Practices Claims

Mr. Roberts acknowledges, and his thirty-two-issue complaint demonstrates,[2] that the bulk of his claims accused defendants of various prohibited personnel practices as defined in the Civil Service Reform Act 5 U.S.C. § 1101 (CSRA). *See* Aplt. Opening Br. at 4; R. Doc. 1 (Complaint) at 18-27. As such, those complaints are preempted by the CSRA and may not be brought in federal court. *Petrini v. Howard*, 918 F.2d 1482, 1485 (10th Cir. 1990).

Contrary to Mr. Roberts's apparent belief, the fact that the Office of Special Counsel (OSC) declined to petition the Merit Systems Protection Board (Board) for consideration of his complaint, does not mean that federal courts then acquired jurisdiction. "[A]ll review ended when [the OSC] declined to petition the Board for consideration of the grievance." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1574 (11th Cir. 1990) (citing 5 U.S.C. § 1214). Because Mr. Roberts did not assert a claim under the Tucker Act, his reliance on *Worthington v. United States*, 168 F.3d 24, 27 (Fed. Cir. 1999), is misplaced.

---

[2] Mr. Roberts lists forty issues in his opening appellate brief. We will review on appeal only those issues presented to the district court; the remaining eight issues are waived. *See Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970 (10th Cir. 1991).

Privacy Act

Mr. Roberts's claims under the Privacy Act, 5 U.S.C. § 552a, are based on the same general occurrences that he claims constituted prohibited personnel practices. "[T]he Privacy Act does not vest the court with jurisdiction to review personnel decisions where the Civil Service Reform Act precludes such review." *Henderson v. Soc. Sec. Admin.*, 908 F.2d 559, 560-61 (10th Cir. 1990).

Federal Tort Claims Act

To the extent Mr. Roberts made claims which would only be cognizable under the FTCA, he has not demonstrated that he presented his tort claims in the first instance to the IRS as required by 28 U.S.C. § 2675(a). He has therefore failed to exhaust his remedies under the statute, thus depriving the federal court of jurisdiction over these claims. *Kendall v. Watkins*, 998 F.2d 848, 852 (10th Cir. 1993).

Freedom of Information Act

As with his tort claims, Mr. Roberts has failed to demonstrate that he has exhausted his remedies under the Freedom of Information Act (FOIA) because he did not allege that he complied with the notice requirements of 26 C.F.R. § 601.702(c)(4)(i)(C). The district court thus properly dismissed the FOIA claim. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (holding that "[t]he FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts" and collecting cases).

-4-

<u>Refusal to Grant Default Judgment</u>

Mr. Roberts argues that the district court should have granted him a default judgment based on defendants' failure to file a timely answer. We review the district court's refusal to grant a default judgment for abuse of discretion. *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997). "In light of the strong preference for the disposition of litigation on the merits, and the lack of any allegation of prejudice to [Mr. Roberts], the district court did not abuse its discretion in denying [Mr. Roberts's] motion for default judgment." *Gulley v. Orr*, 905 F.2d 1383, 1386 (10th Cir. 1990) (citation omitted).

Because he has not presented "a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal," *see DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991), Mr. Roberts's motion to proceed without prepayment of costs or fees is DENIED, and Mr. Roberts is obligated to pay the remainder of the filing fee. Mr. Roberts's amended motions to strike appellees' answer brief and to strike their motion for extension of time to file that brief are DENIED.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-5-